**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JORGE ALBERTO LACRUZ RONDON,** *Petitioner,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **JAMISON, J.L., Warden, Federal Detention Center, Philadelphia, et al.,** *Respondents.* | : | **No. 26-cv-07230** |

**MEMORANDUM**

**KENNEY, J.** **October 2, 2026**

Before the Court is Petitioner Jorge Alberto Lacruz Rondon's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") (ECF No. 1). Petitioner argues that his detention is a "re-detention" that violates his due process rights as well as the Administrative Procedure Act (the "APA"). *Id.* Petitioner is seeking, *inter alia*, immediate release or, in the alternative, a custody hearing. *Id.* Respondents, J.L. Jamison, Warden, Federal Detention Center, Philadelphia; John E. Rife, acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; Markwayne Mullin, Secretary of the Department of Homeland Security; and U.S. Department of Homeland Security (collectively, "Respondents") oppose Petitioner's requested relief and seek dismissal of the Petition for failure to exhaust administrative processes. ECF No. 5. For the reasons set forth below, the Court will **DENY** the Petition (ECF No. 1).

## I. BACKGROUND

Petitioner Jorge Alberto Lacruz Rondon is a thirty-eight (38) year-old noncitizen who was born in Venezuela. ECF No. 1 ¶¶ 1, 19. Petitioner left his home country and entered the United States in August of 2022. *Id.* Petitioner encountered Department of Homeland Security ("DHS")

officers after entering the United States. *Id.* ¶ 20. He was briefly detained and processed by DHS officers before being released, or "paroled" into the United States "for a temporary period not to exceed October 12, 2022." *Id.*; ECF No. 5 at 4. Petitioner was served with a Notice to Appear and placed in removal proceedings. ECF No. 1 ¶¶ 39–40; *see also* ECF No. 5-1 at 2–4. Thereafter, Petitioner resided in Philadelphia, Pennsylvania where he has "established community." ECF No. 1 ¶ 20. Over the last four years that he has been in the United States, Petitioner has "complied with all [of] the conditions of his removal proceedings and immigration release," including attending his required check-ins with U.S. Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 21.

On or about September 18, 2026, DHS officials scheduled Petitioner for a check-in at the Philadelphia field office. *Id.* ¶ 22. After appearing for his check-in, Petitioner was taken into custody. *Id.* DHS officials allegedly told Petitioner that they were detaining him to "speed up his process." *Id.* Petitioner was given a Notice of Custody Determination form by DHS officials. *See* ECF No. 5 at 1–2. However, Petitioner refused to sign the form or indicate whether or not he wanted his custody determination reviewed by an immigration judge. *See* ECF No. 5-1 at 2. Petitioner filed the Petition the same day. ECF No. 1.

## II. LEGAL STANDARD

A federal district court can grant habeas relief when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Habeas is at its core a remedy for unlawful executive detention[,]" *Munaf v. Geren*, 553 U.S. 674, 693 (2008), and is "regularly invoked on behalf of noncitizens, particularly in the immigration context." *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001), *superseded by statute on other grounds*. It is the petitioner's burden to demonstrate that he is being detained in violation of the Constitution or federal law. *See*

*Walker v. Johnston*, 312 U.S. 275, 286–87 (1941). In addition, the Fifth Amendment of the United States Constitution entitles noncitizens to due process of law in immigration and deportation proceedings. *See Serrano-Alberto v. Att'y Gen. U.S.*, 859 F.3d 208, 211 (3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including aliens in immigration proceedings who are entitled to due process of law—that is, a meaningful opportunity to be heard—before being deported.").

## III. DISCUSSION

Petitioner argues that Respondents unlawfully "re-detained" him without proper notice, any material changes in the circumstances, or pre-deprivation process.[1] ECF No. 1 ¶ 2. Petitioner challenges his "re-detention" as violative of his substantive and procedural due process rights as well as the APA and the *Accardi* Doctrine. *Id.* ¶¶ 54–92. Petitioner ask this Court to Order his immediate release from detention or, in the alternative, to require a custody hearing.[2] *See id*. at 26 ("Prayer for Relief").

In their Response, Respondents argue that the Petition must be dismissed because he failed to exhaust his administrative remedies prior to filing it. *See* ECF No. 5 at 3, 6–9. Respondents explain that they have lawfully detained Petitioner under 8 U.S.C. § 1226(a). *Id.* In addition, Respondents have attached Petitioner's Form I-286, the Notice of Custody Determination, which is stamped, "Refused to Sign," indicating that Petitioner failed to request a review of DHS officials' custody determination by an immigration judge. *See id.* at 1–2, 4; ECF No. 5-1 at 2.

---

[1] Petitioner characterizes his detention as a "re-detention." ECF No. 1 ¶ 2. Petitioner asserts that he was previously detained by immigration officials upon his arrival into the United States. *See id.* ¶¶ 1–2, 20.

[2] Petitioner also seeks declarative relief from the Court declaring his continued detention as violative of the APA and the Due Process Clause of the Fifth Amendment. *See* ECF No. 1 at 26 ("Prayer for Relief").

Respondents further submit that "no bond hearing has been scheduled by the immigration court because Petitioner has not requested one, either through Form I-286 *or an independent request of his counsel*." ECF No. 5 at 4 (emphasis added).

Before seeking judicial relief, habeas petitioners "are ordinarily required to exhaust their administrative remedies." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases); *see also Zapata-Vargas v. Blanche*, No. CV 26-6691, 2026 WL 2906208, at *2–3 (E.D. Pa. Sept. 28, 2026) (denying the petitioner's habeas petition because the petitioner failed to exhaust his administrative remedies by appealing the decision of an immigration judge to deny him bond to the Board of Immigration Appeals); *Gomez v. Jamison*, No. CV 26-3879, 2026 WL 1959116, at *3 (E.D. Pa. July 6, 2026) (same).

Here, it is undisputed that Petitioner is being detained under 8 U.S.C. § 1226(a), which allows the Attorney General to "arrest[] and detain[]" a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States[,]" provided that the noncitizen is not subject to mandatory detention under § 1226(c). *See* 8 U.S.C. § 1226(a). A noncitizen detained under § 1226(a) is permitted to request a bond redetermination hearing before an immigration judge. *See* 8 C.F.R. § 236.1(d)(1); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that [noncitizens] detained under [Section] 1226(a) receive bond hearings at the outset of detention."); *De Sousa v. Jamison*, No. CV 26-4797, 2026 WL 2097226, at *2 (E.D. Pa. July 21, 2026) (finding that Section 1226(a) "unquestionably entitles [the petitioner] to a bond hearing before an immigration judge" (citations omitted)). This is part of the "two-step administrative process" provided by § 1226(a) "and its implementing regulations . . . by which a[] [noncitizen] may request review of a custody determination: (1) the detained noncitizen may request a bond redetermination hearing before an immigration judge; and (2) the noncitizen

may appeal the immigration judge's bond decision to the Board of Immigration Appeals ("BIA")." *Zapata-Vargas*, 2026 WL 2906208, at *2 (citing *Ubaid v. Jamison*, No. CV 26-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026)); *see also Gomez*, 2026 WL 1959116, at *2 (summarizing the two-step administrative process available under § 1226(a) (citing *Ubaid*, 2026 WL 1346670, at *3)).

Upon review, the merits of the Petition are "not ripe for review" by this Court because Petitioner has failed to exhaust his administrative remedies. *See, e.g.*, *Zapata-Vargas*, 2026 WL 2906208, at *2; *Gomez*, 2026 WL 1959116, at *3. Here, the record reflects that Petitioner has not requested a bond hearing. ECF No. 5 at 1–2. Consistent with the two-step administrative process provided by § 1226(a) and its implementing regulations, Petitioner must first *request* a bond hearing. *See Zapata-Vargas*, 2026 WL 2906208, at *2 (citing *Ubaid*, 2026 WL 1346670, at *3). Once Petitioner requests a bond hearing, he will have the opportunity for an individualized custody redetermination. *See* 8 C.F.R. § 236.1(d)(1). After that, Petitioner may pursue an appeal of the immigration judge's decision to the BIA. *Id.* § 236.1(d)(3). However, until that administrative process plays out, as other courts in this District have concluded, the "merits of [Petitioner's] claims are not yet ripe for habeas review." *De Sousa*, 2026 WL 2097226, at *2; *see also Torres-Duran v. Blanche*, No. CV 26-3586, 2026 WL 1878605, at *2–4 (E.D. Pa. June 30, 2026) (denying a habeas petition where a petitioner was detained under Section 1226(a) and failed to first request a bond hearing before seeking judicial relief); *I.K. v. Jamison*, No. CV 26-3719 (E.D. Pa. June 9, 2026), ECF No. 10 (denying a habeas petition where the petitioner was detained pursuant to Section 1226(a) and was scheduled to receive a bond hearing the next day); *Ubaid*, 2026 WL 1346670, at *2 ("Petitioner must exhaust the administrative remedies provided by [Section] 1226(a) before seeking habeas relief from this Court."); *Gomez*, 2026 WL 1959116, at *3

("Because Petitioner has not yet completed the second step in the administrative review process, he has not exhausted the available administrative remedies."); *Zapata-Vargas*, 2026 WL 2906208, at *2 ("Because Petitioner has not yet completed the second step of § 1226's review process . . . Petitioner has not exhausted his administrative remedies and his Petition is therefore not ripe for review by this Court.").

Accordingly, the Court will deny the Petition (ECF No. 1). Petitioner is encouraged to utilize the two-step administrative process available to him in order to receive a swift determination as to the status of his custody.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the Petition (ECF No. 1). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**