**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JORGE ALBERTO LACRUZ RONDON**<br>***Petitioner,***<br><br>**v.**<br><br>**J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al.,**<br>***Respondents.*** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br><br><br><br>**No. 26-cv-7230** |

**MEMORANDUM**

**KENNEY, J.** **October 29, 2026**

The Court writes for the benefit of the Parties and assumes their familiarity with the underlying facts and procedural history of the case. Petitioner Jorge Alberto Lacruz Rondon (the "Petitioner") moves the Court for reconsideration of the Court's October 2, 2026 Order denying Petitioner's Petition for a Writ of Habeas Corpus ("Petitioner's Motion for Reconsideration"). ECF No. 9. For the reasons described below, the Court will **DENY** Petitioner's Motion for Reconsideration (ECF No. 9).

## I. DISCUSSION

On October 2, 2026, the Court issued a Memorandum Opinion (the "October 2, 2026 Memorandum") and Order denying Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF Nos. 6–7. On October 16, 2026, Petitioner filed a Motion for Reconsideration, in which he raises a couple of arguments. ECF No. 9. First, Petitioner argues that "exhaustion is not required when a habeas petitioner challenges the legality of their arrest." ECF No. 9-2 at 5–6. Second, Petitioner argues that "exhaustion would be futile because . . . [Petitioner] cannot exhaust his due process claims before an immigration judge." *Id.* at 17–18. On this basis, Petitioner contends that reconsideration is warranted under Federal Rules of Civil

Procedure ("Rules") 59(e) and 60(b) as to whether he is required to exhaust administrative remedies before bringing the Petition.

Under Rule 59(e), parties may move "to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The scope of a motion for reconsideration" under Rule 59(e) "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Indeed, reconsideration must be precipitated by *extraordinary* error. *See Fritz v. Cnty. of Westmoreland*, No. CV 22-2999, 2024 WL 808970, at *4 (3d Cir. Feb. 27, 2024) ("While '[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . as a rule courts should be loath[ ] to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.'" (alteration in original) (quoting *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009))), *cert. denied sub nom.*, *Fritz v. Westmoreland Cnty.*, 145 S. Ct. 279 (2024). This is because the prospect of reconsidering a previous order affronts the judiciary's desire for both finality and conservation of its already scarce resources. *See, e.g.*, *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) ("Motions for reconsideration are granted only 'sparingly because of the interests in finality and conservation of scarce judicial resources.'" (quoting *Pa. Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992))).

Litigants may not use reconsideration motions "as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone*, 664 F.3d at 415 (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)); *see also Trinh v. Trinh*, No. CV 21-3595, 2024 WL 290293, at *2 (E.D. Pa. Jan. 25, 2024) (finding that reconsideration is not a means "to allow a 'second bite at the apple'"). Accordingly, litigants seeking reconsideration must meet an

exacting standard. *See Blystone*, 664 F.3d at 415; *see also Trinh*, 2024 WL 290293, at *2. Reconsideration of a prior order is justified only where there has been "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Upon review, the Court will deny Petitioner's Motion for Reconsideration. Petitioner has failed to demonstrate that any of the grounds for reconsideration are applicable in this case. In his Motion, Petitioner does not argue that there was an intervening change in *controlling law* or that new evidence became available since the Court entered its Order on October 2, 2026. *See* ECF No. 9-2 at 6, 18. Instead, Petitioner points out that other courts in the Eastern District of Pennsylvania have found that administrative exhaustion is not required in distinct circumstances. *Id.* While the Court considers as persuasive authority the decisions of other Judges in this District, and other district courts throughout the country, these opinions simply do not amount to "an intervening change in ***controlling*** law." *Lazaridis*, 591 F.3d at 669 (emphasis added). In the Court's October 2, 2026 Memorandum, the Court considered the particular facts in the present matter and found that, in this circumstance, exhaustion is required. ECF No. 6 at 5.

Furthermore, Petitioner has not identified any clear errors of fact in the Court's prior Order, nor has he established manifest injustice. *See* ECF No. 9-2 at 3–4, 12–14. Instead, Petitioner merely presents the same facts and arguments previously evaluated by the Court, *see* ECF No. 9, which is not proper in the present Motion. *See Blystone*, 664 F.3d at 415. Indeed, Petitioner rehashes variations on the same arguments as to why the Court may consider the Petition and grant release. *See* ECF No. 9-2 at 8–14; *see also* ECF No. 1 at 13–15. The Court has heard and carefully considered these arguments before, particularly with respect to the allegations that Petitioner has not been afforded due process under the law. *See* ECF No. 6 at 4–5. The Court finds no grounds

for Petitioner to relitigate these questions after the Court's judgment has been Ordered. *See id.*; *see also Blystone*, 664 F.3d at 415.

Therefore, Petitioner has not met the exacting standard required of litigants seeking reconsideration of the Court's final order pursuant to Rule 59(e). Accordingly, Petitioner's Motion for Reconsideration will be denied.

## II. CONCLUSION

For the reasons set forth above, the Court will **DENY** Petitioner's Motion for Reconsideration (ECF No. 9). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**